Filed 4/3/14  P. v. Burton CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059285 |
| v. | (Super.Ct.No. FBA1000492) |
| DEREK TYRONE BURTON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Lynelle K. Hee, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Derek Tyrone Burton appeals after the trial court denied his petition for resentencing under Penal Code section 1170.126, known as the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)).[1]  Defendant filed notice of appeal on July 24, 2013.  We affirm.

PROCEDURAL BACKGROUND

A jury convicted defendant of one count of first degree residential burglary (§ 459, count 1).  Following a bifurcated trial on defendant's priors, the jury found that he had two prior strike convictions (§§ 1170.12, subds. (a)-(d) and 667, subds. (b)-(i)), and two prior serious felony convictions (§ 667, subd. (a)(1)).  Defendant filed a motion to have the trial court dismiss a prior strike conviction under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, but the court denied it.  On August 19, 2011, the court sentenced him to state prison for a total term of 30 years to life.

On June 13, 2013, defendant filed an in pro. per. petition for resentencing under section 1170.126.  The court denied the petition because defendant's current conviction was for a serious offense, which made him ineligible for resentencing.  (§ 1170.126, subd. (e)(1).)

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

## ANALYSIS

After the notice of appeal was filed, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case, a brief statement of the facts, and identifying two potential arguable issues: (1) whether the denial of defendant's petition for resentencing under section 1170.126 is an appealable order;[2] and (2) whether the trial court erred in denying defendant's petition for resentencing under section 1170.126.

Defendant was offered an opportunity to file a personal supplemental brief, which he has not done. Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

---

[2] As appellate counsel has pointed out, Courts of Appeal are split on the issue of whether an order on a postjudgment petition pursuant to section 1170.126 is an appealable order, and the issue is pending before the California Supreme Court. (See, e.g., *Teal v. Superior* Court (2013) 217 Cal.App.4th 308, reviewed granted July 31, 2013, S211708 [court held it was not appealable]; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [court held it was appealable].) Until directed otherwise by the Supreme Court, we will treat the denial of a section 1170.126 petition as an appealable order.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

McKINSTER
J.

RICHLI
J.

4